**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1185 PA (OPx) | Date | August 11, 2011 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. v. Terry Wallace | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by Terry Wallace ("Defendant") on July 27, 2011. (Docket No. 1.) Plaintiff Deutsche Bank National Trust Company's ("Plaintiff") Complaint, filed in Riverside County Superior Court, asserts a single cause of action under state law for unlawful detainer. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[1]

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L.

---

[1] Defendant's Notice of Removal actually alleges that this Court's subject matter jurisdiction is "based on 18 U.S.C. § 1331 and 1391 and 42 U.S.C. § 1983 which confer original jurisdiction on federal courts in suits to address the deprivation of rights secured by federal law." (Notice of Removal ¶ 10.) 18 U.S.C. § 1331 and 1391 do not exist. Based on Defendant's characterization of these nonexistent statutes as conferring jurisdiction in cases concerning "rights secured by federal law" it appears that Defendant meant to invoke 28 U.S.C. § 1331, federal question jurisdiction.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1185 PA (OPx) | Date | August 11, 2011 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. v. Terry Wallace | | |

Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains a single cause of action for unlawful detainer, which, as Defendant acknowledges, is a state law claim. No federal claim is alleged on the face of Plaintiff's Complaint. Further, Defendant does not allege that the Complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law. Instead, Defendant argues that Plaintiff does not have standing to bring this action, and thus Plaintiff's initiation of this action is a violation of her rights under Article III of the United States Constitution. In this manner, Defendant appears to be arguing that she either has a federal defense or separate federal claims against Plaintiff. However, just as a federal defense does not form a basis for removal, neither does an actual or anticipated federal counterclaim form a basis for removal. Vaden v. Discover Bank, 556 U.S. 49, – , 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

For the foregoing reasons, Defendant has failed to meet her burden of showing that federal question jurisdiction exists over this action. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Riverside County Superior Court, Case No. MVC1102062. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.